*1042 OPINION OF THE COURT
David Elliot, J.
This is a special proceeding for the enforcement of a money judgment obtained by petitioner Long Island Jewish Medical Center against respondent Andrew Buller. For reasons that follow, the application must be denied.
The court notes that a recurring problem exists with respect to the commencement of special proceedings when the notice of petition and petition are served in a manner other than personal delivery under CPLR article 3.
It appears from the petition that respondent/judgment debtor Andrew Buller maintains a joint bank account with respondent Lillian T. Buller at respondent Sovereign Bank. Petitioner seeks an order pursuant to CPLR 5225 (b), which section requires the commencement of a special proceeding.
The notice of petition and petition were filed on January 9, 2007. The judgment debtor was served by certified mail, as is permitted by CPLR 5225, on January 17, 2007. Respondent Sovereign Bank was personally served on February 2, 2007. Respondent Lillian T. Buller was served by the deliver-and-mail method of CPLR 308 (2) on January 30, 2007. However, the affidavit of service upon Lillian T. Buller, though provided to the court on the return date of the petition, has never been filed with the County Clerk. Thus, service is not yet complete. CPLR 308 (2) provides: “service shall be complete ten days after filing.”
As stated by Professor Alexander in his Practice Commentary to CPLR 403 (McKinney’s Cons Laws of NY, Book 7B, CPLR C403:2, at 457):
“All of the various methods of serving process in CPLR Article 3 may be used, but as a practical matter any method other than personal delivery (CPLR 308 [1]) is unlikely to be feasible. The alternative forms of service simply do not harmonize well with the time constraints of most special proceedings.” Or, as Professor Siegel put it (NY Prac § 553, at 950 [4th ed]), “Any of the prescribed methods contained in CPLR 308 may be used, but it is usually preferable to use the personal delivery method of 308 (1). The deliver- and-mail method of 308 (2) and the affix-and-mail method of 308 (4), since both postpone ‘completion’ of service until 10 days after proof of service is filed, *1043 can become sticky to apply in a special proceeding.” Professor Siegel continues (at 951), “The order to show cause alternative holds the answer to many a service dilemma.”
The court further notes that the affidavit of service sets forth that service upon Lillian T. Buller was made by leaving the papers with a person of suitable age and discretion at “No.2D,” while the notice of petition sets forth her residence as being “Apt. 19E.” Additionally, petitioner has not provided proof of compliance with the notice provision of CPLR 5222 (d).
Accordingly, it is hereby ordered and adjudged that the petition is hereby dismissed.